[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (#106) AND PLAINTIFF'S CROSS-MOTION FOR SUMMARY JUDGMENT (#109)
The plaintiff, Steven Goldstein ("Goldstein"), has brought this action for damages against the defendant, Mitoi, Inc. (formerly known as Automatic Burglar Alarm Systems, Inc.) (hereinafter "Mitoi"). Goldstein alleges that on or about June 6, 1997 and CT Page 281 again on July 10, 1997, his store was burglarized resulting in the theft of jewelry and damage to the store fixtures. Goldstein further asserts that at the time of the break in, the alarm system that was installed, maintained and monitored by the defendant, failed. The complaint alleges four counts: (1) breach of contract; (2) negligence; (3) recklessness; and (4) unfair trade practices in violation of General Statutes § 42a-110 et seq.
Mitoi has filed an answer to the complaint denying its material allegations, as well as a special defense asserting that the parties had a Lease and Service Agreement containing a liquidated damages clause which is Goldstein's exclusive remedy against Mitoi.
Both sides have now filed motions for summary judgment. Mitoi's motion seeks judgment limiting damages to $250.00 as provided in the liquidated damages clause. Goldstein's cross-motion seeks judgment that the liquidated damages clause is void and unenforceable as a matter of law. For the reasons set forth below, both motions for summary judgment are denied.
STANDARD OF REVIEW
The law of summary judgment is well settled and needs no extended discussion. Pursuant to Practice Book § 17-49, summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.
Summary judgment "is appropriate only if a fair and reasonable person could conclude only one way." Miller v. UnitedTechnologies Corp. . 223 Conn. 732, 751 (1995). In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party.Hertz Corp. v. Federal Ins. Co., 245 Conn. 374, 381 (1998). A genuine issue has been variously described as a triable, substantial or real issue of fact . . . and has been defined as one which can be maintained by substantial evidence. United OilCo. v. urban Development Commission, 158 Conn. 364, 378 (1969). In ruling on a motion for summary judgment, the court's function is not to decide issue of material fact, but rather to determine whether any such issues exist. Nolan v. Borkowski, 206 Conn. 495,500 (1988). CT Page 282
LIQUIDATED DAMAGES CLAUSE
Mitoi's argument is straightforward. It asserts that the parties entered into a lease and services contract, and that that contract contains the following paragraph:
 15a: If there is deemed to be any liability on the part of the company by virtue of this agreement, whether due to the negligence of the company or otherwise, such liability is and shall be limited to the sum of Two Hundred and Fifty Dollars $250.00), which sum shall be paid and received as liquidated damages and not as a penalty, and this sum shall be complete and exclusive remedy of subscriber may, as a matter of right, obtain from company a higher limit by paying an additional amount proportioned to the increase in damages, but such additional obligation shall in no way be interpreted to hold company as an insurer.
Mitoi cites to three superior court cases that have upheld such clauses. Covenant Petroleum Corp. v. Sonitrol CommunicationsCorp., 1992 WL 139017 (Conn. Super); Hanover Insurance Company v.American District Telegraph Company, 1991 WL 269106 (Conn. Super); and U.S. Fidelity v. Sonitrol Services Corp., 1996 WL 456327. Based on these cases, as well as Leon's Bakery, Inc. v.Grinnell Corp., 990 F.2d 44 (2nd Cir. 1993), Mitoi argues that, as a matter of law, the liquidated damages clause should be enforced and that no genuine issue of material fact exists regarding its enforceability.
In response, Goldstein asserts, inter alia that several factual issues exist regarding the enforceability of the liquidated damages clause. Moreover, Goldstein seeks to distinguish the law cited by Mitoi as inapposite and directs the court to a recent Appellate court decision that he claims is controlling. SeeMattegat v. Klopfenstein, 50 Conn. App. 97 (1998).
A provision which allows liquidated damages for breach of contract is enforceable if certain conditions are satisfied. The requisite three conditions are: (1) that the damage which was to be expected as a result of a breach of contract was uncertain in amount or difficult to prove; (2) that there was an intent on the part of the parties to liquidate damages in advance; and (3) that the amount stipulated was reasonable. Mattegat v. Klopfenstein,
supra, 50 Conn. App. 102. CT Page 283
Application of these conditions precedent to the enforceability of the liquidated damages clause raises issues of fact. For example, as to the difficulty in determining damages, Mitoi argues that it is impossible to determine prospectively what merchandise a proprietor will have in a store which is why the contract expressly provides that the alarm company is not an insurer. Goldstein responds that the damages in this case were ascertained with specificity and are $20,958.20.
As to the question of the parties' intent, Mitoi argues that the contract demonstrates the intent to liquidate damages. Goldstein claims that at the time the contract was entered, the defendant's agent assured him that if something went wrong with the system, he would stand behind it 100%.[1]
As to the reasonableness of the liquidated amount, Mitoi asserts that the amount is reasonable given the fact that it is not an insurer as well as the public policy in favor of keeping alarm systems affordable. Goldstein claims that the amount is patently unreasonable given the difference between the liquidated amount ($250.00) and his claimed damages ($20,958.20).
In sum, the enforceability of the liquidated damages clause presents issues of material fact such that summary judgment is inappropriate.[2]
CROSS-MOTION FOR SUMMARY JUDGMENT
Goldstein asserts that the liquidated damages clause at issue is void as a matter of law and he is entitled to summary judgment in his favor on Mitoi's special defense.
It is not necessary to address the merits of Goldstein's claim since the Practice Book does not provide for summary judgment as to a special defense. See Practice Book § 17-44. The decisions of the Superior Court are almost unanimous that a motion for summary judgment as to a special defense is improper. See, e.g., Dubourg v. Osborn, Judicial District of Litchfield, Docket No. 065070 (July 5, 1995, Pickett, J.).
For the reasons set forth above, the defendant's motion for summary judgment (#106) as to the plaintiff's complaint is denied and the plaintiffs cross-motion for summary judgment (#109) as to the defendant's first special defense is also denied. CT Page 284
SO ORDERED at New Haven, Connecticut this 7th day of January, 2000.
Devlin, J.